IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 09 C 5305 |
| v. ) | (06 CR 613-1) |
| ) | |
| FRANK A. BUTERA, ) | Suzanne B. Conlon, Judge |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Frank Butera's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the motion is denied.

## **BACKGROUND**

The following facts are drawn from the Seventh Circuit opinion affirming Butera's conviction. Butera owned and operated two small trucking companies and several phony trucking companies. In 1998, he began submitting fraudulent invoices to one of his customers, a cargo company, and continued this scheme for the next three years – causing a total loss of over $3.4 million. Butera laundered the money by setting up bank accounts under aliases and buying property but placing title under his girlfriend's name. In 2006, a grand jury returned a 15-count indictment against Butera and two co-defendants, charging them with mail fraud, money laundering, conspiracy to commit money laundering, and engaging in monetary transactions with criminally derived property.

Pursuant to a written plea agreement, Butera pled guilty to two counts of mail fraud (Counts I and II), and one count of conspiracy to commit money laundering (Count IV). On March 29, 2007, he was sentenced to 87 months imprisonment and ordered to pay restitution.

Butera raised a single issue on appeal: did the district court err by not setting a repayment schedule for the time during his incarceration. The Seventh Circuit rejected Butera's argument; the Supreme Court denied *certiorari*. *United States v. Butera*, 310 Fed. Appx. 27 (2009), *cert. denied* 129 S.Ct. 2785, 174 L.Ed.2d 283 (2009).

## LEGAL STANDARD

Section 2255 permits a federal prisoner to ask the sentencing court to vacate, set aside, or correct a sentence after direct review is completed on the grounds that the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose the sentence, the sentence exceeds the maximum allowed by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Relief under § 2255 is only available if the sentence involves a jurisdictional or constitutional error or results in a complete miscarriage of justice. *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir. 1994). The court must review the record and draw all reasonable inferences in the government's favor. *Carnine v. United States*, 974 F.2d 924, 928 (7th Cir. 1992).

A § 2255 motion is not a substitute for direct appeal nor is it a means to appeal the same claims a second time. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007). A defendant cannot raise issues already argued on direct appeal, absent a showing of changed circumstances. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992). Constitutional issues not raised on direct appeal are barred in a collateral review unless a defendant can show good cause for the procedural default and actual prejudice from the failure to appeal. *Id.* Non-constitutional issues that could have been raised on direct appeal cannot be raised in a § 2255 motion. *Id.*

2

## ANALYSIS

Butera's § 2255 motion seeks relief on the following grounds: (1) the district court violated the Ex Post Facto Clause of the United States Constitution by using sentencing guidelines that were not in effect at the time of his offenses; (2) the district court exceeded its jurisdiction by amending Butera's sentence more than seven days after sentencing; (3) the district court treated the advisory guidelines as mandatory, in violation of Butera's Sixth Amendment rights under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); (4) his sentencing enhancements under the advisory guidelines constituted impermissible "double counting" in violation of the Double Jeopardy Clause; and (5) he received ineffective assistance of counsel in violation of the Sixth Amendment.

### I. Procedurally Defaulted Claims

Butera procedurally defaulted the first four claims by failing to raise them in his direct appeal. *Varela*, 481 F.3d at 935. Procedural default can be excused upon a showing of good cause and actual prejudice, or by showing that denial of relief would result in a miscarriage of justice. *Steward v. Gilmore*, 80 F.3d 1205, 1211-12 (7th Cir. 1996). Butera seeks to justify his procedural default only under the cause and prejudice test. He contends his failure to raise these issues on direct appeal was the result of his appellate counsel's ineffective assistance. Ineffective assistance of appellate counsel may excuse procedural default. *Sanders v. Cotton*, 398 F.3d 572, 580 (7th Cir. 2005). Butera must show that his appellate counsel's performance fell below an objective standard of reasonableness and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Appellate attorneys, however, are not obligated to present losing arguments to provide effective assistance of counsel. *Whitehead v. Cowan*, 263 F.3d

3

708, 731 (7th Cir. 2001). As explained below, Butera's first four claims are meritless. Because counsel's failure to raise these issues on appeal was neither unreasonable nor prejudicial, the claims do not satisfy the *Strickland* standard.

Butera argues the district court's use of the 2006 Guidelines Manual,[1] rather than the one in force at the time of his crimes, violated the Ex Post Facto Clause of the United States Constitution. This argument is foreclosed by *United States v. Demaree*, 459 F.3d 791 (7th Cir. 2006). Application of the guidelines manual in effect at the time of sentencing rather than the one in force at the time of the defendant's crime does not violate the Ex Post Facto Clause, even if the later manual suggests a harsher sentence. 459 F.3d at 795. The Ex Post Facto Clause applies to laws and regulations that bind rather than advise, and after *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the guidelines are purely advisory. *Demaree*, 459 F.3d at 795.

Butera contends the district court committed a jurisdictional error by "resentencing" him over two months after his original sentencing. On March 29, 2007, the court sentenced Butera to 87 months of imprisonment – 30 months each on counts I and II and 27 months on Count IV, to be served consecutively. *See* Gov. Resp. Ex. A: Sentencing Transcript at 52, 55. Due to a clerical error, however, Butera's judgment and commitment order stated the sentences would run concurrently. *United States v. Butera*, No. 06-CR-613-1, Dkt. 82. On June 11, 2007, the court granted the government's unopposed motion to correct the judgment and commitment order. *Id.*, Dkt. 110, 112. Butera argues Fed. R. Crim. P. 35 divested the court of jurisdiction to amend his sentence. Under Rule 35, the court may correct a sentence within seven days of sentencing if there

---

[1] Butera's memorandum of law in support of his § 2255 motion alleges the court utilized the 2005 Guidelines Manual. That is incorrect. The advisory guidelines range was calculated using the 2006 Guidelines Manual. PSR 9.

4

was an arithmetical, technical, or clear error in its calculation. Fed. R. Crim. P. 35(a). For purposes of Rule 35, "sentence" is defined as "the oral announcement of the sentence." Fed. R. Crim. P. 35(c). The court clearly ordered Butera's sentences to run consecutively, amounting to 87 months imprisonment. The court did not amend Butera's *sentence*; it corrected a clerical error in the judgment and commitment order as authorized by Fed. R. Crim. P. 36.

According to Butera, the court treated the sentencing guidelines as mandatory in violation of his Sixth Amendment rights. The only support for this claim is a bare assertion that the court imposed a mandatory sentence "and no consideration was mentioned of the now [a]dvisory regime." Pl. Mem. at 10. The record shows otherwise. After determining Butera's offense level and criminal history resulted in an advisory range of 87-108 months, the court heard arguments from counsel concerning the sentencing factors set out in 18 U.S.C. § 3553. Gov. Resp. Ex. A: Sentencing Transcript at 45-51. The court then addressed each of the § 3553 factors and sentenced Butera to 87 months of imprisonment, having found "that the low end of the *advisable* [*sic*] guidelines range satisfies [the] concerns" set forth in § 3553. *Id.* at 52 (emphasis added). Butera's claim of a "mandatory" sentence is frivolous.

Butera advances an unsupported argument that the enhancements he received under the advisory guidelines for his leadership role and the use of sophisticated means to carry out the offenses violated the Double Jeopardy Clause. Aside from the conclusory premise, he provides no explanation for his view that the enhancements constitute double jeopardy. The only legal authority cited holds that, in the context of a challenge to sentencing procedures, the Double Jeopardy Clause provides no more protection than to prevent the court from punishing a defendant more than Congress intended. *Garrett v. United States*, 471 U.S. 773, 793, 105 S.Ct. 2407, 85 L.Ed.2d 764

(1985). But Butera does not contend that his sentence runs afoul of statutory maximums. His claim appears to be nothing more than a challenge to the application of the sentencing guidelines, namely, that the enhancements resulted in impermissible "double counting." *See United States v. Haines*, 32 F.3d 290, 293 (7th Cir. 1994) (improper double counting occurs when the court imposes two or more upward adjustments within the guideline range, when the increases are premised on the same conduct). Challenges to the court's application of the guidelines are generally non-cognizable under § 2255. *Buggs v. United States*, 153 F.3d 439, 443 (7th Cir. 1998). Even so, there was no error. The mail fraud counts were grouped under U.S.S.G. § 3D1.2(d). PSR 9. Because Butera was a leader of the fraudulent scheme involved in those offenses, and because the scheme involved sophisticated means, his offense level was enhanced pursuant to §§ 3B1.1(c) and 2B1.1(b)(9)(C). *Id.* at 9-10. These enhancements address different aspects of Butera's behavior and were not double counting. *United States v. Hankton*, 432 F.3d 779, 795 (7th Cir. 2005). The same enhancements were applied to the conspiracy to commit money laundering count – a separate offense involving a separate fraudulent scheme. *Id.* at 10-12. Even assuming the enhancements punished the same behavior, the mail fraud and conspiracy counts were grouped under § 3D1.2(c) in a way as to dispel any concern about double counting. *United States v. Mahalick*, 498 F.3d 475, 481 (7th Cir. 2007). Because appellate counsel's failure to raise these issues did not prejudice Butera, the issues are procedurally defaulted for § 2255 purposes.

## III.  Ineffective Assistance of Counsel

Butera seeks relief independently under § 2255 on account of the ineffectiveness of his trial and appellate counsel. Because claims of ineffective assistance of counsel usually involve evidence outside the record, they may be brought for the first time in a § 2255 motion. *Massaro v. United*

6

*States*, 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). To demonstrate ineffective assistance of counsel, Butera must show both that his attorneys' performance was deficient and that he was prejudiced as a result. *Nunez v. United States*, 546 F.3d 450, 453 (7th Cir. 2008). For representation to be deficient, counsels' performance must fall below an objective standard of reasonableness, and there is a strong presumption that the performance was reasonable. *Strickland*, 466 U.S. at 688-89. To establish prejudice, Butera must show there is a reasonable probability that the result of the proceedings would have been different but for his attorneys' errors. *Benefiel v. Davis*, 357 F.3d 655, 661 (7th Cir. 2004).

The court may dispose of an ineffective assistance claim where no prejudice has been shown without addressing the adequacy of counsel's performance. *Strickland*, 466 U.S. at 697. Butera has not shown that absent his counsel's performance he would have received a shorter sentence. His ineffective assistance claim rests on counsels' purported failure to raise the same four meritless arguments this court addressed above as procedurally defaulted. Because Butera was not prejudiced by their omission, he fails to make a showing of ineffective assistance.

## CONCLUSION

Butera fails to show that his trial or appellate counsel provided ineffective assistance. His other claims are procedurally defaulted. The motion to vacate, set aside, or correct his sentence is denied.

ENTER:

October 30, 2009

Suzanne B. Conlon
United States District Judge

7